**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Kenneth SMITH, Defendant–Appellant.**

No. 03–10652.
D.C. No. CR02–40007–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2005.

Decided Sept. 8, 2005.

Merry Jean Chan, USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

John Paul Reichmuth, Esq., FPDCA—Federal Public Defender's Office, Oakland, CA, for Defendant–Appellant.

Before: THOMAS, FISHER, Circuit Judges, and ROBART, District Judge.*

SUPPLEMENTAL MEMORANDUM **

After reviewing the concerns that the district court raised in a letter to the panel

---

\* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

pursuant to our General Order 12.10, we reconsider our disposition of this appeal. Originally, we noted that Appellant Kenneth Smith did not raise the principal issue underlying this appeal in the district court. We thus remanded to the district court for consideration of that issue, and declined the parties' suggestion that we review the issue under a plain error standard. We now reconsider, apply the plain error standard, and affirm the district court.

Smith seeks review of an issue that he did not raise in the district court: whether California Vehicle Code Section 12801.5(e) renders his arrest unlawful. If the arrest was unlawful, the parties concede that the search incident to the arrest that led to the discovery of a firearm in Smith's possession was also unlawful, and that Smith would not have pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

Section 12801.5(e) provides in relevant part that "a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver." Cal. Veh.Code § 12801.5(e). Smith contends that he was arrested solely because he was an unlicensed driver, and that his arrest was therefore unlawful. The government argues that the police did not arrest Smith solely because he was unlicensed, and also that Section 12801.5(e) is not relevant to whether Smith's arrest violated the Fourth Amendment.

Smith urges us to reach the applicability of Section 12801.5(e) under the plain error doctrine. In *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court explained the four-part test for plain error. First, there must be an error. *Id.* at 732, 113 S.Ct. 1770. Second, the error must be "plain." *Id.* Third, the error must affect the appellant's substantial rights. *Id.* Fourth, the court must conclude in its discretion that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* A failure to establish any part of the plain error test precludes appellate review. *See id.*

We find that Smith cannot point to an error in the district court's decision to admit the firearm as evidence. By its terms, Section 12801.5(e) applies only to a person arrested "solely on the belief that the person is an unlicensed driver." The record reveals that the police stopped Smith's vehicle because it had expired license plate registration tabs. Smith does not contest that his tabs indicated that his registration had expired. The invalid registration gave the officers a basis to arrest Smith independent of his status as an unlicensed driver. Cal. Veh.Code § 4000(a).

Smith argues that the government waived the right to argue an expired registration violation as a basis for his arrest because it did not do so in the district court. He points to examples in the record where the government limited its justification for arresting Smith to driving without a license. He also argues that if driving with expired registration had been an issue in the district court, he would have challenged the accuracy of the computer system the arresting officers used to check his plates. He contends he also would have argued the applicability of Cal. Veh.Code § 4606, which permits driving with expired registration in narrow circumstances.

The challenges Smith raises do not undercut the critical issue in the arrest— whether the officers had *probable cause* to arrest him for expired registration. The uncontroverted evidence shows that the arresting officers stopped Smith's vehicle because it had expired registration tabs, and that this was one basis for his arrest. This is sufficient evidence to support the critical determination that the officers had

probable cause to arrest Smith for the registration violation. Even if Smith had later successfully challenged the computer system the officers used, or proved that he was lawfully driving with expired registration under Cal. Veh.Code § 4606, the police had enough information before them to place him under arrest.

We find no error in the district court's suppression decision, and thus no plain error.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts